## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNNIE GARLAND,** | ) | **CASE NO. 7:18CV00278** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **EDDIE PEARSON,** | ) | By: Norman K. Moon |
| **Respondent.** | ) | Senior United States District Judge |

Johnnie Garland, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Pittsylvania County Circuit Court. Respondent filed a motion to dismiss Garland's § 2254 petition, and Garland failed to respond, making the matter ripe for disposition. After review of the record, the Court will grant the motion to dismiss.

### I.       Background

On September 3, 2014, the Pittsylvania County Circuit Court entered a final order convicting Garland of two drug charges and sentenced him to nine years of imprisonment. Garland's direct appeals were unsuccessful and concluded on March 2, 2017. Garland did not pursue any other state post-conviction relief.

### II.       Time-Bar

Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Meanwhile, equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)). Lastly, a colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable claim. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). For a petitioner to claim actual innocence, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Garland was convicted in 2014, and his direct review proceedings concluded on March 2, 2017, when the Supreme Court of Virginia denied his appeal. Garland did not pursue other post-conviction relief. Therefore, the federal habeas statute of limitations was tolled until Garland's judgment became final on May 31, 2017, when the ninety day period for a petition of *certiorari* to the Supreme Court of the United States expired. *See* 28 U.S.C. § 2244(d)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Under 28 U.S.C. § 2244(d)(1), Garland had one year (365 days) from May 31, 2017

to file his federal habeas petition.  Therefore, the limitations period expired on May 31, 2018.  Garland did not file his petition until June 1, 2018.  Accordingly, Garland's petition is untimely.

In his petition, Garland states the following: "The current petition is timely.  The Virginia Supreme Court's decision was on March 2, 2017.  The Federal limitation period began on June 2, 2017-following the 90-day certiorari period.  This petition is being placed in the mail today, June 1, 2018."  Pet. 14, ECF No. 1.  Garland's math is incorrect—the limitations period expired on May 31, 2018, the day before he placed his petition in the mail.  Furthermore, Garland fails to demonstrate (1) that he has been pursuing his rights diligently but external, extraordinary circumstances prevented timely filing, or (2) new compelling evidence unavailable at trial or on appeal.  *See Holland*, 560 U.S. at 649; *McQuiggin*, 569 U.S. at 399.  Therefore, I conclude that Garland's petition is time-barred.

### III.    Conclusion

For the reasons stated above, the court will grant the motion to dismiss.  Petitioner's petition is time-barred.  An accompanying order will issue.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.  Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

Entered this  12th  day of December, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE